■ COUNTY OF ROCKLAND, Respondent, v SPRING VALLEY WATER COMPANY, INC., et al., Defendants, and CORWICK REALTY CORP., Appellant. (And a Third-Party Action.)—In a negligence action to recover damages for injury to property, the defendant Corwick Realty Corp. (hereafter Corwick), appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated August 14, 1986, which denied its motion to dismiss the complaint as against it pursuant to CPLR 3211 (a) (5).

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

The County of Rockland commenced the instant action seeking to recover the sum of $1,300,000 as the result of the collapse on May 25, 1979, of the Fifth Avenue Bridge located in the Town of Orangetown. The bridge, which is owned and operated by the county, spans. the Hackensack River and reservoir known as Lake Tappan. On the day in question, an earthen dam near the bridge collapsed due to heavy rainstorms causing a violent flow of water which undermined and ultimately washed out the supporting abutments of the bridge. The county named the Hackensack Water Company (hereinafter Hackensack) and the Spring Valley Water Company, Inc. (hereinafter Spring Valley) as defendants in this action. The verified complaint essentially alleges that the defendants, who are in the business of supplying water to nearby counties and New Jersey, had been in the process of dredging and excavating the reservoir below the bridge, which activity caused the weakening of the earthen dam.

Following the service of the defendants' answers, the defendant Hackensack instituted a third-party action against T. Nick Franco Co., Inc. (hereinafter Franco) and the latter's surety. In its third-party complaint, dated November 13, 1981, the defendant Hackensack alleged that Franco had contracted with Corwick, the owner of the reservoir, to perform the necessary excavation and dredging. Pursuant to the terms of the. contract, Franco agreed to indemnify and hold harmless both Corwick, and the defendant Hackensack as operator of the reservoir, from any and all losses arising out of the excavation.

In March 1986 the county moved for leave to amend its summons and complaint to add Corwick as a named defendant. The county alleged that at the time of the commencement of this action, it was not aware of the fact that Corwick was the owner of the reservoir. The county contended that it discovered Corwick's status as owner when it received a copy of the third-party complaint in March 1986. The county also alleged that since Corwick was a wholly owned subsidiary of the defendant Hackensack, it would not be prejudiced by being added as a named defendant to the action.

Corwick opposed the county's motion on the basis that any action against it as a result of the May 1979 bridge collapse was barred by the Statute of Limitations (see, CPLR 214 [4]).

In March 1986 the Supreme Court granted the county's motion for leave to add Corwick as a named defendant and for leave to serve an amended complaint. The court concluded that the proposed amendment was not barred by the Statute of Limitations since it was deemed to "relate back" to the date of the service of the original complaint (see, CPLR 203 [b]; *Brock v Bua,* 83 AD2d 61).

Thereafter, Corwick moved to dismiss the county's amended complaint on the ground that it was barred by the Statute of Limitations. The Supreme Court denied the motion stating that its prior order which granted the county's motion for leave to amend its complaint had disposed of the Statute of Limitations claim and constituted law of the case. Corwick now appeals.

We conclude that the Supreme Court erred in holding that the amended complaint related back to the date of service of the original complaint, given the county's failure to establish that the delay in seeking to add Corwick as a named defendant was not due to its own inexcusable neglect (see, *Brock v Bua,* supra, at 69). The public record of Corwick's ownership was notice to "all the world" that Corwick owned the reservoir and the county was bound by this public record (see, *Roxbury Light & Power Co. v Dimmick,* 196 NYS 320, 321). Knowledge of Corwick's ownership of the reservoir should thus be imputed to the county since the recorded deed constituted public notice. Thus, the county's claims against Corwick were not timely asserted. Mollen, P. J., Bracken, Niehoff and Lawrence, JJ., concur.