■ HATTIE WIMBISH et al., Appellants, v RICHARD G. GREEN, Defendant, and 21 THIRD AVENUE ASSOCIATES, Respondent. [595 NYS2d 65] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), entered January 29, 1991, which denied their motion for leave to serve a supplemental summons and amended complaint naming additional defendants to the action.

Ordered that the order is affirmed, with costs.

On May 19, 1987, the plaintiff Hattie Wimbish was injured when she fell on a public sidewalk located on Third Avenue in Bayshore, New York. On or about November 22, 1988, the plaintiffs commenced this action against the defendants Richard Green M. D., P. C., and a partnership known as 21 Third Avenue Associates. The complaint alleged that the sidewalk was caused to buckle and become defective as a result of the roots of a tree, which was located on property owned or managed by the defendants. However, after depositions were taken in June 1990, it became apparent that the tree was located on a parking lot with the separate address of 25 Third Avenue, which was owned by a partnership known as 25 Third Avenue Associates. On August 1, 1990, over two months after the expiration of the Statute of Limitations, the plaintiffs moved to serve an amended complaint naming as additional defendants, among others, 25 Third Avenue Associates. The court denied the motion. We affirm.

In Brock v Bua (83 AD2d 61, 69), this Court stated that "a claim asserted against a new party will relate back to the date upon which plaintiff's claim was previously interposed against the original named defendant despite the fact that the former was not named in the process served upon the latter only if (1) both claims arose out of the same conduct, transaction or occurrence (cf. CPLR 203, subd [e]), (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship he can be charged with such notice of the

institution of the action that he will not be prejudiced in maintaining his defense on the merits (see Ann., 11 ALR Fed 269) and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well". Here, it is undisputed that the ownership of the property in question was a matter of public record. Thus, the plaintiffs' failure to ascertain the identity of the proper parties prior to the expiration of the Statute of Limitations was not attributable to any reasonable mistake, but due to their own inexcusable neglect *(see, County of Rockland v Spring Val. Water Co.,* 134 AD2d 317; *Berg v Mather Mem. Hosp.,* 131 AD2d 618). Accordingly, the court properly denied the motion.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.