(December 27, 1993)

■ VINCENT AMELCO et al., Appellants, v IRVING BERK, Respondent. [605 NYS2d 404] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Vinik, J.), dated December 3, 1991, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant is the owner of the facility in which the plaintiff, a coemployee of the defendant, was injured. Under these circumstances, imposing liability upon the defendant pursuant to Labor Law § 241 would be contrary to Workers' Compensation Law § 29 (6), which makes workers' compensation "the exclusive remedy of an employee injured 'by the negligence or wrong of another in the same employ' " *(Heritage v Van Patten,* 59 NY2d 1017, 1019, citing *Williams v Hartshorn,* 296 NY 49, 50-51). "Regardless of his status as owner of the premises where the injury occurred [Berk] remains a coemployee in his relations with [the injured] plaintiff in all matters arising from and connected with their employment" *(Heritage v Van Patten, supra,* at 1019). Thompson, J. P., Sullivan, Miller and Santucci, JJ., concur.