■ VIRGINIA IANNARONE, Respondent, v PETER FAUCETTA, Appellant. [611 NYS2d 610] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated June 30, 1992, which denied his motion for summary judgment dismissing the complaint, and granted the plaintiff's cross motion for leave to serve a supplemental summons and amended complaint naming an additional defendant.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is granted, and the plaintiff's cross motion for leave to serve a supplemental summons and amended complaint naming an additional defendant to the action is denied.

On March 14, 1988, the plaintiff was injured when she walked into a glass door which had recently been installed in an office building in Oceanside. Approximately two and one-half years later, the plaintiff commenced this action against the defendant Peter Faucetta, alleging that he was the owner of the premises, and that he had been negligent, *inter alia,* in failing to place warning markings on the glass door. However, after Faucetta's deposition was taken in December 1991 it became apparent that the premises was actually owned by the F & F Realty Co., a partnership in which Faucetta was a member. Thereafter, in February 1992 the defendant moved for summary judgment dismissing the complaint upon the ground that Workers' Compensation was the plaintiff's exclusive remedy because he was president of the company which employed her at the time of her accident. The plaintiff responded by cross-moving, nearly one year after expiration of the Statute of Limitations, for leave to serve a supplemental summons and amended complaint naming F & F Realty as an additional defendant. The Supreme Court granted the cross motion, reasoning that jurisdiction was timely acquired over the partnership F & F Realty pursuant to CPLR 203 (b) because it was united in interest with the individual defendant Faucetta. The court further denied Faucetta's motion for summary judgment. We now reverse.

In *Brock v Bua* (83 AD2d 61), this Court set forth a three prong test for determining whether the statutory relation-back remedy is operative as an exception to the Statute of Limitations. The three prong test "examines whether: (1) both

claims arose out of the same conduct, transaction or occurrence; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale commencement; and (3) the new party knew or should have known that, *but for an excusable mistake by the plaintiff in originally failing to identify all the proper parties,* the action would have been brought against the additional party united in interest as well" *(Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219, 226 [emphasis supplied]). Since it is undisputed that the ownership of the premises was a matter of public record, we find that the plaintiff's failure to ascertain the identity of the proper defendant prior to the expiration of the Statute of Limitations was not attributable to any reasonable mistake, but to her own inexcusable neglect *(see, Hernandez v William J. Scully, Inc.* 203 AD2d 245; *Wimbish v Green,* 191 AD2d 491; *County of Rockland v Spring Val. Water Co.,* 134 AD2d 317). Accordingly, we conclude that the Supreme Court improperly granted the plaintiff's cross motion.

We further find that the Supreme Court erred in denying the defendant Faucetta's motion for summary judgment, since, as president of the corporation which employed the plaintiff at the time of her accident, he was the plaintiff's coemployee. The plaintiff's exclusive remedy against Faucetta is therefore limited to the Workers' Compensation benefits she received following the accident *(see, Heritage v Van Patten,* 59 NY2d 1017; *Amelco v Berk,* 199 AD2d 448; *Druiett v Brenner,* 193 AD2d 644). Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.