■ SYLVIA GREENE, Appellant, v ALAN DAVIDSON et al., Defendants, and S. WHIMPFHEIMER, M.D., A. DAVIDSON, M.D., and T. TOBIAS, M.D., P. C., et al., Respondents. [620 NYS2d 48] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered September 16, 1993, which, *inter alia,* granted the motion of defendant S. Whimpfheimer, M.D., A. Davidson, M.D., and T. Tobias, M.D., P. C. to dismiss the amended complaint, unanimously affirmed, without costs.

Defendant professional corporation moved to dismiss the

amended verified complaint for failure to properly commence the action against it within the applicable three-year Statute of Limitations. The court found that the filing of the summons by plaintiff with the County Clerk for the purpose of obtaining a 60-day extension of the Statute of Limitations pursuant to CPLR 203 (b) (5), although timely, did not extend the Statute of Limitations because the summons was unaccompanied by a complaint or notice stating the nature of the action and relief sought, as required by CPLR 305 (b). Plaintiff contends that the IAS Court erred in dismissing the proceeding on a ground which defendant did not raise in its motion or supporting papers. "While there is authority that a court has discretionary powers to consider a motion to dismiss on grounds not raised in the motion papers [citation omitted], a dismissal on such grounds should not be sustained where a party is prejudiced by his *[sic]* inability to respond to the ground considered *sua sponte* by the court." *(Matter of Dental Socy. v Carey,* 92 AD2d 263, 264, *affd on other grounds* 61 NY2d 330.) Here, no prejudice is evident inasmuch as plaintiff does not challenge the court's reasoning. Rather, plaintiff now argues that service upon defendant professional corporation relates back to service upon the individual defendant Davidson, previously dismissed from the action, pursuant to CPLR 203 (b) (1). This claim is without merit. Where a plaintiff is attempting to add to the action a new defendant not named in the original summons, the plaintiff must show that both claims arose out of the same conduct, transaction, or occurrence, that the new party is united in interest with the original defendant, and that the new party knew or should have known that, but for an excusable mistake by the plaintiff in originally failing to identify all the proper parties, the action would have been brought against it as well *(see, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219, 226). Here, even assuming that plaintiff satisfied the first two prongs of this test, no reasonable excuse for a delay in asserting a claim against defendant was offered. In fact, plaintiff was aware of the identity of defendant as the lessee of the premises where plaintiff was allegedly assaulted long before the expiration of the Statute of Limitations, but failed to commence an action against it *(see, Wimbish v Green,* 191 AD2d 491).

We have reviewed plaintiff's other claims and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.