■ BOULANGER, HICKS, STEIN & CHURCHILL, P. C., Respondent, v ALBERT J. JACOBS, JR., Appellant. [653 NYS2d 11] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered January 19, 1996, awarding plaintiff damages and bringing up for review an order, same court and Justice, entered January 11, 1996, which granted plaintiff's motion for summary judgment on its cause of action for an account stated and dismissed defendant's counterclaim for legal malpractice, unanimously affirmed, with costs. The appeal from the order is dismissed, without costs, as subsumed within the appeal from the judgment.

Defendant's factual opposition to plaintiff's motion on the account stated cause of action with respect to the arbitration proceeding, which consisted entirely of one sentence stating that he objected often to plaintiff's conduct of the proceedings and the amount of plaintiff's bills, is insufficient to raise a genuine issue of fact, in view of the overwhelming evidence of defendant's recognition of his obligation to pay plaintiff the entire amount of the 18 invoices in question, including his partial payment of the invoices accompanied by a promise to pay the balance (see, Shea & Gould v Burr, 194 AD2d 369, 371). Nor is there merit to the defense and counterclaim for legal malpractice, which, at best, allege nothing more than an error of judgment in recommending certain litigation (see, Rosner v Paley, 65 NY2d 736). We have considered defendant's remaining contentions and find them to be without merit. Concur— Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.

■ JOSEPH & FELDMAN, Respondent, v CLAIRE FRIEDLANDER et al., Appellants. [652 NYS2d 968] —Judgment, Supreme Court, New York County (Walter Schackman, J.), entered September 8, 1995, which, after a nonjury trial, awarded plaintiff law firm the principal sum of $52,922.02, unanimously affirmed, with costs.

The factual determination that plaintiff law firm was entitled to judgment on the theory of an account stated, because defendants had failed to object to its bills within a reasonable time (see, Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp., 228 AD2d 294), was based upon the hearing court's credibility findings and will not be disturbed (Thoreson v Penthouse Intl., 80 NY2d 490, 495). In any event, upon our own review of the record, we find that the amount awarded for plaintiff's legal services was not unreasonable under the circumstances.

We have considered defendants' other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.