■ MARIA SYLFA, Respondent, v FLORENCE STUPNICK et al., Appellants, and COLD SPOT SERVICE CORP., Respondent. [658 NYS2d 69] —In a negligence action to recover damages for personal injuries, the defendants Florence Stupnick, Irwin Feinstein, and Gilda Goldstein appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated June 4, 1996, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendants Florence Stupnick, Irwin Feinstein, and Gilda Goldstein, and the action against the remaining defendant is severed.

The defendant Irwin Feinstein is entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against him, as he was both the owner of the premises in which the accident occurred and an officer of the corporation which employed the plaintiff *(see,* Workers' Compensation Law § 29 [6]; *Iannarone v Faucetta,* 204 AD2d 396).

The defendants Florence Stupnick and Gilda Goldstein are also entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Those defendants were out-of-possession landlords. Since they reserved the right to enter the premises for the purpose of making repairs, they may be held liable for injuries which occurred on the premises only if there was a specific statutory violation and the injuries were caused by a significant structural or design defect *(see, Stark v Port Auth.,* 224 AD2d 681). The plaintiff failed to establish such a defect here *(see, Caiazzo v Angelone,* 236 AD2d 351; *Chrisostomides v Berjas Realty Co.,* 231 AD2d 601). Rosenblatt, J. P., Thompson, Sullivan and Friedmann, JJ., concur.