■ DALIA VANERSTROM, Appellant, v JONATHAN N. STRASSER, Respondent. [659 NYS2d 77] —In an action to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals from an order of the Supreme Court, Queens County (Posner, J.), entered May 22, 1996, which granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion to dismiss the answer and for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent, a nursing home maintenance employee, was preparing the nursing home's elevator shafts for a routine visit from an exterminating contractor. While standing inside Elevator C, the plaintiff's decedent leaned out a trap door into the shaftway of Elevator D to poke open the doorway of Elevator D with a broomstick, in order to freeze Elevator D. He did this to save himself the trouble of going to the motor room to shut down Elevator D's electricity at the source. As he was so engaged, and before he could get the D shaftway door open, Elevator D descended and struck the plaintiff's decedent, killing him. The plaintiff sued the owner of the building, who was also the executive director of the nursing home that had employed the decedent, alleging violations of Labor Law §§ 200 and 240. The court granted the defendant's motion to dismiss the complaint. We affirm.

As the Supreme Court correctly ruled, routine maintenance activities, not related to construction or renovation, are not intended to be protected by Labor Law § 240 (see, e.g., Smith v Shell Oil Co., 85 NY2d 1000; see also, Aviles v Crystal Mgt., 233 AD2d 129; Cosentino v Long Is. R. R., 201 AD2d 528; Edwards v Twenty-Four Twenty-Six Main St. Assocs., 195 AD2d 592; Manente v Ropost, Inc., 136 AD2d 681). In addition, the plaintiff's decedent did not fall from a height, and was not struck by an object falling from an elevated worksite, so that the event that caused his injury was not within the contemplation of Labor Law § 240 (see, e.g., White v Dorose Holding, 216 AD2d 290; Lanzilotta v Lizby Assocs., 216 AD2d 229).

Furthermore, a premises owner is not liable under the common law or Labor Law § 200 where there is no dangerous condition on the premises, and where the injuries sued upon were caused by the manner in which the work was undertaken—a manner which was not controlled or supervised by the premises

owner (*see, e.g., Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Lombardi v Stout*, 80 NY2d 290; *Bermel v Board of Educ.*, 231 AD2d 663). Indeed, the plaintiff's decedent's own behavior was the sole proximate cause of his accident (*see, e.g., Button v Rainbow Prods. & Servs.*, 234 AD2d 664; *Styer v Vita Constr.*, 174 AD2d 662; *Mack v Altmans Stage Light. Co.*, 98 AD2d 468).

In any event, we note that the plaintiff's action was barred by the Workers' Compensation Law, as the plaintiff's decedent was injured in the course of his employment, and the defendant premises-owner was his coemployee (*see, e.g., Heritage v Van Patten*, 59 NY2d 1017; *Blach v Glabman*, 234 AD2d 328; *Stephan v Stein*, 226 AD2d 364; *Mesa v Violante*, 204 AD2d 610; *Amelco v Berk*, 199 AD2d 448; *see also,* Workers' Compensation Law § 29 [6]). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.