■ BUDGEWOOD LAUNDRY SERVICE, INC., Respondent, v DORSET HOTEL CORPORATION, Appellant. [671 NYS2d 85] —Judgment, Supreme Court, New York County (James Gowan, J.), entered January 24, 1997, after a nonjury trial, awarding plaintiff laundry service damages on its cause of action for an account stated against defendant hotel, and dismissing the hotel's third-party action against third-party defendant valet service operator, unanimously affirmed, without costs.

The finding that the valet service operator was defendant's agent, not an independent contractor, and that defendant is therefore liable to plaintiff for an account stated, is supported by the weight of the evidence, which shows that defendant exercised considerable control over the details and methods of the valet service that was being run from its hotel (see, Matter of Beach v Velzy, 238 NY 100, 104). Among other things, defendant decided the prices that hotel guests could be charged and billed for valet services; monitored the service for quality control; decided when hotel guests' cleaning could be picked up and returned; required the valet service operator and his employees to be union members; had the right to prohibit the hiring and to direct the firing of the operator's employees and had the right to terminate the operator's lease for a lapse in service that defendant in its sole opinion deemed objectionable. In addition, plaintiff rendered bills directly to defendant for most of the period for which payment is sought, which defendant partially paid, and, with respect to the remainder of the period for which payment is sought, there is no documentary evidence that defendant made any payments to the valet service opera-

tor. The trial court's finding of an account stated, necessarily based on a finding that defendant did not object to the bills sent by plaintiff (see, *Joseph & Feldman v Friedlander*, 235 AD2d 353), is also supported by the weight of the evidence, including defendant's partial payment of the bills (see, *Jannuzzo v de Cuevas*, 216 AD2d 37), and the testimony of plaintiff's principal as to the issuance and copying of the bills in the regular course of business. We have considered defendant's other arguments and find them to be without merit. Concur—Lerner, P. J., Sullivan, Ellerin and Andrias, JJ.