■ VIRGINIA IANNARONE, Appellant-Respondent, v GARY W. GRAMER et al., Respondents-Appellants, et al., Defendants. [682 NYS2d 84] —In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated October 21, 1997, as denied her cross motion for partial summary judgment on the issue of liability against the defendants Gary W. Gramer, W. Alexander Melbardis, and Gramer & Melbardis, Esqs., and to dismiss the first through the sixth, the eighth, and the ninth affirmative defenses asserted by those defendants, and the defendants Gary W. Gramer, W. Alexander Melbardis, and Gramer & Melbardis, Esqs., cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof denying the cross motion in its entirety and substituting therefor a provision granting those branches of the cross motion which were to dismiss the first, second, fourth, fifth, sixth, eighth, and ninth affirmative defenses asserted by the defendants Gary W. Gramer, W. Alexander Melbardis, and Gramer & Melbardis, Esqs., and otherwise denying the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff was injured in the course of her employment with Kordet Color Corporation (hereinafter Kordet) when she walked into a glass door at commercial premises owned by

F&F Realty Co. (hereinafter F&F) which were leased to Kordet. The defendants Gary W. Gramer, W. Alexander Melbardis, and Gramer & Melbardis, Esqs. (hereinafter collectively referred to as Gramer & Melbardis), were retained as counsel for the plaintiff and commenced a personal injury action against Peter Faucetta, the president of Kordet and one of the two partners in F&F. The plaintiff also applied for and received workers' compensation benefits.

After the Statute of Limitations had expired, the plaintiff sought leave to serve a supplemental summons and amended complaint naming F&F as an additional defendant. The Supreme Court granted leave, but on appeal to this Court, the order was reversed, the action against Faucetta was dismissed on the ground that workers' compensation was the plaintiff's exclusive remedy against him, and the plaintiff's cross motion to add F&F as a party defendant was denied on the ground that an action against F&F was barred by the Statute of Limitations (*see, Iannarone v Faucetta,* 204 AD2d 396).

The plaintiff then commenced the instant legal malpractice action against, *inter alia*, Gramer & Melbardis, alleging that the firm was negligent in failing to timely commence an action against F&F. Gramer & Melbardis moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved for partial summary judgment on the issue of liability, and to dismiss the first through the sixth, the eighth, and the ninth affirmative defenses asserted by Gramer & Melbardis.

The Supreme Court properly denied both the motion of the Gramer & Melbardis defendants for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the cross motion which was for summary judgment on the issue of liability. To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care (*see, Volpe v Canfield,* 237 AD2d 282, 283). While the plaintiff established that Gramer & Melbardis was negligent in failing to timely commence an action against F&F, she did not demonstrate as a matter of law that she would have prevailed in such an action. Conversely, Gramer & Melbardis did not establish that the plaintiff would not have been successful in such an action. In that regard, there are questions of fact as to, *inter alia*, whether

F&F was negligent or had actual or constructive notice of the alleged defective condition of the glass door. Consequently, neither party was entitled to summary judgment.

However, the court should have granted those branches of the cross motion which were to dismiss the first, second, fourth, fifth, sixth, eighth, and ninth affirmative defenses. The first affirmative defense, lack of privity, is without merit inasmuch as there is a retainer agreement between the plaintiff and Gramer & Melbardis. The second affirmative defense is based on the speculative claim that this Court would have granted leave to appeal to the Court of Appeals from its order dated May 9, 1994 (*see, Iannarone v Faucetta, supra*), and that the Court of Appeals, in turn, would have reversed that order. Contrary to the contention of Gramer & Melbardis, the Workers' Compensation Law did not bar an action against F&F (*see, Lindner v Kew Realty Co.*, 113 AD2d 36), and therefore, the fourth affirmative defense should have been dismissed. The allegations of legal malpractice in this case do not simply involve an error of judgment (*see, Rosner v Paley*, 65 NY2d 736), and consequently, the fifth affirmative defense should have been dismissed. The sixth affirmative defense, that the plaintiff's alleged injuries were caused by someone other than Gramer & Melbardis, has no support in the record. An affirmative defense of failure to state a cause of action cannot be interposed in an answer and therefore, the eighth affirmative defense should have been dismissed (*see, Platt v Portnoy*, 220 AD2d 652). Finally, since this legal malpractice action was timely commenced, the ninth affirmative defense is without merit. Rosenblatt, J. P., Miller, Altman and Friedmann, JJ., concur.