■ SHIRLEY FORD, Appellant, v DOMINIC MIZIO, Respondent. [710 NYS2d 367] —Order, Supreme Court, New York County (John Grow, J.), entered March 29, 1999, which granted defendant's motion, made pursuant to CPLR 4401 at the close of plaintiff's case, for a trial order of dismissal, unanimously reversed, on the law, without costs, defendant's motion denied, the complaint reinstated and the matter remanded for a new trial.

Defendant was retained by plaintiff, who slipped and fell on a patch of ice in front of a fruit stand, and timely commenced a personal injury action on her behalf against the owners of the premises and the supposed lessee of the fruit stand, Continental Produce Association, Inc., alleging that the patch of ice was caused by the operation of the abutting fruit stand. During discovery, however, it was learned that one Cheoul-Seo Ko, doing business as 107-33 71st Avenue, Inc., and not Continental, was the owner and/or operator of the fruit stand. By the time defendant sought to add Ko as an additional defendant, the Statute of Limitations had run and plaintiff's personal injury action was dismissed on a finding of no evidence that either of

the originally named defendants had created or caused the accumulation of ice in the roadway. This legal malpractice action ensued.

During trial, plaintiff testified that, as she stepped off the sidewalk in front of the fruit stand onto the roadway, she "slipped and fell on the ice." Although plaintiff could not say what caused the ice to accumulate, she presented the testimony of Mary Italiano, the owner of the store next to the fruit stand, who assisted plaintiff on the day of her accident and testified, in pertinent part, that the operators of the fruit stand had a habit of emptying buckets of water into the street, even when the temperature was below freezing. Evidence was also introduced at trial that there had been no precipitation on the day of the accident or on the preceding three days, but that the temperature was at the freezing point.

In granting defendant's motion at the close of plaintiff's case, the trial court erred in finding that plaintiff failed to make a prima facie showing of legal malpractice with respect to whether she would have been successful in her underlying personal injury action.

In addition to the evidence that the temperature was at freezing point and that there had been no precipitation before the accident, Ms. Italiano's testimony, which the court deemed to be "key," clearly evidenced that the operators of the fruit stand routinely threw buckets of water into the street in front of their stand, even when the temperature was below freezing.

Considering such evidence in a light most favorable to plaintiff, there was sufficient evidence presented on plaintiff's case from which a jury could reasonably infer that the operators of the fruit stand engaged in acts that created the dangerous condition on which she fell. Ms. Italiano's testimony that she did not recall whether the water was thrown into the street the day before or on the day of the accident did not bar an inference that the operators of the fruit stand threw water out on those days and created a factual issue for the jury to resolve. Accordingly, plaintiff sufficiently established her probability of success in the underlying action. Concur—Rosenberger, J. P., Nardelli, Ellerin, Andrias and Saxe, JJ.