Joseph ACHTMAN, Shirley Achtman, Blair Ambach, Theodore Andreozzi, Sondra Baer–Miller for the Estate of Jenny Baer, Sandy Berkowitz, Joseph Berlinger, Elissa Berlinger, Gustave Birnberg, Faith Birnberg, George Cagen, Yvette Cohen, Selma Dauber, Martin Dauber, Isabel Ezersky, Paul Ezersky, Dorothy Feigenbaum, Richard Flynn, Individually, and Richard Flynn for the Estate of Herbert Flynn, Dorothy Gaston, Erwin Gaston, Gunther Glaser, Grace Gluck, Saul Gluck, Rona Greenberg, Bernard Greenberg, Brian Henry, Albert Hodes, Arnold Jacobs, Hagop Jamgochian, Shamiram Jamgochian, Harry Kaiserman, Lawrence Kessler, Carl Kevorkian, Linda Tabris for the Estate of Bernice Kramer, Frederick Kroll, William Lenney, Sylvia Levine, Sidney Levine, Doris Levy, Lawrence Lindy, Anthony Longo, Joseph Longo, Harry Mandelbaum, Blanche Mandelbaum, Henry Medvin, Selma Medvin, Carol Peyser, Harvey Pfau, Renee Pfau, Hyman Rock, Phillip Ross, Barbara Schildcrout, Lloyd Schildcrout, Albert Sheridan, Eleanor Silverstein, Stanley Singer, Joe Singer, Kenneth Smith, Harold Sommers, Melvin Spencer, Ben Spencer, Russell Stott, Anne Stott, Paul Trusik, Harriet Wallshein, S. Joseph Wallshein, John Weidemeyer, Eleanor Weidemeyer, Harry Weinstein, Edith Weinstein, Elaine Zinberg, Genia Zwirn, David Zwirn, and other John Does, Plaintiffs,

v.

KIRBY, MCINERNEY & SQUIRE, LLP and Bernstein, Litowitz, Berger & Grossmann, LLP, Defendants.

No. 02 Civ.9913 JES.

United States District Court, S.D. New York.

Sept. 21, 2004.

Dijoseph & Portegello, P.C. (Arnold E. Dijoseph, III, of counsel), New York City, for Plaintiffs.

Solomon, Zauderer, Ellenhorn, Frischer & Sharp (Bertrand C. Sellier, of counsel), New York City, for Defendants.

## MEMORANDUM ORDER AND OPINION

SPRIZZO, District Judge.

Plaintiffs, members of a class of purchasers of Bennett Funding Group securities in *In re Bennett Funding Group, Inc. Securities Litigation*, 96 Civ. 2583(JES) ("the underlying action"), bring this legal malpractice proposed class action against the firms representing them as co-lead class counsel, Kirby, McInerney & Squire, LLP and Bernstein, Litowitz, Berger & Grossman, LLP ("defendants"), alleging that defendants were negligent in failing to name Arthur Andersen ("Andersen") as a defendant in the underlying action. Defendants move to dismiss plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants defendants' motion to dismiss.

## BACKGROUND

In August 1996 defendants were named class counsel for plaintiffs in the underlying action against Bennett Funding Group ("BFG"). *See* Complaint ("Compl.") ¶ 140. The suit was based on the claim that BFG perpetrated a Ponzi scheme in which, among other things, BFG sold lease assignments to leases that did not exist or had already been sold to other investors.

*See id.* ¶¶ 15, 16. In April 1997 the Court certified the class in the underlying action. *Id.* ¶ 143.

Andersen acted as BFG's independent auditor for a portion of the time that BFG was involved in this alleged scheme. *See id.* ¶ 14. Specifically, Andersen reviewed and issued an opinion on BFG's financial statements for the years ending December 31, 1989 and December 31, 1990. *Id.* In 1992 Andersen obtained information suggesting that BFG's financial statements from 1989 and 1990 contained misrepresentations and that BFG, through these misrepresentations, might have violated various federal and state laws. *See id.* ¶ 26. Andersen responded by withdrawing its opinion as to BFG's 1990 financial statements. *Id.* ¶ 27. Although Andersen notified BFG of this withdrawal, it did not notify the investing public or regulatory authorities of that withdrawal or the nature of the misrepresentations. *Id.* The fraud at BFG was discovered in 1996. *Id.* ¶ 149. By this time, the BFG securities issued during the period Andersen served as auditor had largely been paid down. *Id.*

On September 18, 1997 defendants mailed a Court-approved Notice of Pendency to all potential class members, alerting them to the BFG litigation. *See id.* ¶¶ 143–144. Despite Andersen's involvement during some of the time that BFG carried out its Ponzi scheme, defendants determined not to pursue claims against Andersen on a class basis. *Id.* ¶ 142. That Notice listed the defendants that were going to be pursued, explained that potential class members could be excluded from the class if they chose, or could appear in the class through their own counsel, and provided potential class members with co-lead counsels' contact information where questions regarding the matter could be directed. Defendants' Notice of

Motion, Exhibit H, Notice of Pendency and Class Action Determination ("Notice of Pendency") at 4, 12–13, 16–17.

Plaintiffs allege that defendants, despite their representation of plaintiffs in the underlying action prior to the time the statute of limitations ran against Andersen, are guilty of malpractice because they did not file suit against Andersen, and did not advise plaintiffs of when the statute of limitations for filing an action against Andersen would run, with the result being that plaintiffs are now "forever barred from seeking recovery from Andersen for its conduct as it pertains to [BFG]...." *See* Compl. ¶¶ 147, 160–161, 169–170, 177–178. According to plaintiffs, defendants were obliged to file a timely summons and complaint against Andersen. *Id.* ¶¶ 162–163. Plaintiffs claim that "but for the negligence and malpractice of [defendants] in failing to commence an action against Andersen in the Litigation, Plaintiffs and all other Members of the Class in the Litigation would have been successful against Andersen on the merits" and demand damages, punitive damages, attorneys' fees, and costs and expenses. *Id.* ¶¶ 181–182.

Pending the outcome of the BFG class action, some individuals brought suit against Andersen based on its involvement with BFG during the alleged fraud. *See id.* ¶ 150. In some of these individual cases settlement was reached out of court and those plaintiffs received damages. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pls' Memo") at 7. Plaintiffs in this action did not bring individual actions against Andersen and now attempt to recover damages in this legal malpractice suit.

## DISCUSSION

In considering a motion to dismiss, a court must accept the facts set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996). In ruling on a Rule 12(b)(6) motion, a court's function is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). Accordingly, a complaint may be dismissed for failure to state a claim only if it appears that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

■ Plaintiffs' claim of legal malpractice is legally insufficient and must be dismissed because the complaint fails to allege facts that support a prima facie case of legal malpractice. In order to state a claim of legal malpractice under New York State law, which is applicable here, a complaint must allege first that there existed an attorney-client relationship giving rise to a duty of care; second, that the attorney was negligent, breaching that duty of care; third, that the attorney's negligence was the proximate cause of plaintiff's damages; and fourth, that but for the alleged malpractice the plaintiff would have been successful in the underlying action. *M.J. Woods, Inc. v. Conopco, Inc.,* 271 F.Supp.2d 576, 583 (S.D.N.Y.2003). In this case plaintiffs have failed to allege negligence on the part of defendants as a matter of law.

In *Rosner v. Paley,* 65 N.Y.2d 736, 492 N.Y.S.2d 13, 481 N.E.2d 553 (1985), the New York Court of Appeals held that a third party complaint alleging no more than an error of judgment by an attorney does not rise to the level of malpractice, and that "selection of one among several reasonable courses of action does not constitute malpractice." *Id.* at 554. Applying

*Rosner,* another New York court wrote, "[A]n attorney is not held to the rule of infallibility and is not liable for an honest mistake of judgment, where the proper course is open to reasonable doubt." *Bernstein v. Oppenheim & Co.,* 160 A.D.2d 428, 554 N.Y.S.2d 487, 489 (1st Dep't 1990).

New York courts have repeatedly applied the malpractice standard found in *Rosner. See, e.g., Geller v. Harris,* 258 A.D.2d 421, 685 N.Y.S.2d 734, 735 (1st Dep't 1999) (finding plaintiff's allegation that defendant used non-board-certified physician as expert witness to be insufficient to state a claim for legal malpractice); *Boulanger, Hicks, Stein & Churchill, P.C. v. Jacobs,* 235 A.D.2d 353, 653 N.Y.S.2d 11, 11 (1st Dep't 1997) (finding no merit to legal malpractice counterclaim against firm based on firm's recommending certain litigation); *Stroock & Stroock & Lavan v. Beltramini,* 157 A.D.2d 590, 550 N.Y.S.2d 337, 338 (1st Dep't 1990) (concluding that "Counsel's decision to proceed before the courts rather than in arbitration *at worst* amounts to an error in professional judgment which does not rise to the level of malpractice"). Similarly, in *Estate of Re v. Kornstein, Veisz & Wexler,* 958 F.Supp. 907 (S.D.N.Y.1997), this Court, applying New York law, found that none of the various litigation judgments made by a law firm, including the failure to name someone as a defendant, were "so egregious that they could now be considered as unreasonable," and therefore could not give rise to a viable claim for malpractice. *Id.* at 921.

Plaintiffs allege that defendants committed malpractice by not naming Andersen as a defendant prior to the running of the statute of limitations. *See* Comp. ¶¶ 181–182. Plaintiffs additionally appear to claim that defendants committed malpractice by not alerting plaintiffs to the statute of limitations expiration date on claims against Andersen, (*see* Comp. ¶¶ 169–170, 173–174) and by not advising class members in the Notice of Pendency that they could make a claim against Andersen. *See* Pls' Memo at 8. None of these allegations give rise to a viable malpractice claim against defendants.

■ In this case, defendants acted reasonably in choosing not to name Andersen as a defendant in the underlying action for several reasons. First, at the time the BFG class action was commenced in 1997 it was unclear whether an auditor in Andersen's position could be held liable as a principal in a securities fraud case. In *Central Bank of Denver. N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994), the Supreme Court determined that a private party cannot bring a claim under Section 10(b) of the Securities and Exchange Act of 1934 against an actor who has not violated any statute by directly participating in deceptive or manipulative conduct, but has merely aided and abetted in the conduct of another. *See id.* at 177–78, 114 S.Ct. 1439.

Additionally, given that the BFG securities issued during the 1989 and 1990 time frame when Andersen served as auditor were largely paid down by the time the BFG class action was filed, as plaintiffs concede in their complaint, defendants could reasonably question whether plaintiffs had enough legally cognizable damages under the federal securities laws against Andersen to warrant the time and expense to members of the class required to prove claims against Andersen. *See* Compl. ¶ 149. In light of these considerations, defendants made a reasonable decision not to pursue federal securities claims against Andersen.

Similarly, defendants' determinations not to sue Andersen on a class basis for various common law causes of action or for RICO violations were not "so egregious

that they could now be considered as unreasonable." *Estate of Re*, 958 F.Supp. at 921. Defendants could have reasonably been concerned that individual issues of reliance, causation and damage could predominate over the issues common to the class, making class certification inappropriate. *See* Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Complaint ("Defs' Memo") at 16–17. Furthermore, the legal sufficiency of pursuing negligence claims against Andersen in view of the privity requirement under New York law applicable in actions against accountants rendered defendants' decision not to sue Andersen for negligence highly reasonable.[1] *See Credit Alliance Corp. v. Arthur Andersen & Co.*, 65 N.Y.2d 536, 493 N.Y.S.2d 435, 483 N.E.2d 110, 118 (1985).

 Nor were defendants negligent for failing to explicitly state in the Notice of Pendency the fact that they were not suing Andersen and that plaintiffs could do so if they wished. When notifying potential class members through a notice of pendency, the notice is adequate if it contains "information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class." *In re PaineWebber Limited P'ship Litig.*, No. 94–8547, 1996 WL 51189, at *1 (S.D.N.Y. Feb. 7, 1996) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir.1977)). Plaintiffs fail to cite any precedent requiring class counsel to describe potential claims against parties that class counsel is not suing in a notice of pendency, and this Court is aware of none. In fact, in *In re PaineWebber Limited Partnership Litigation*, this Court found that a notice of pendency in a class action was adequate even though it did not explicitly tell the class that one potential defendant who was listed in the caption as a defendant had been excluded from the lawsuit. *See* 1996 WL 51189, at *1–2. The Court can think of no reason why the same result should not be reached where defendants plainly listed the parties they planned to pursue. Comp. ¶ 142; Notice of Pendency, at 4–6. Thus, anyone not listed was clearly not being sued. On August 25, 1997 this Court approved the Notice of Pendency, and now, having revisited the issue, the Court reconfirms that the notice was adequate. Compl. ¶ 143. Having so concluded, the Notice of Pendency cannot possibly provide grounds for a malpractice claim against defendants.[2]

1. The two most relevant cases cited by plaintiffs are factually distinguishable. In *Ford v. Mizio,* the First Department found that plaintiff made a prima facie showing of legal malpractice where attorney defendant's failure to timely add the true operator of a fruit stand as a defendant after attorney defendant discovered the parties he originally sued were not the real operators resulted in the dismissal of plaintiff's personal injury action. 274 A.D.2d 329, 710 N.Y.S.2d 367, 367–68 (N.Y.App.Div.2000). Similarly, defendant attorneys in *Iannarone v. Gramer* failed to timely commence an action against the owner of the property on which plaintiff was injured, and instead sued the lessee of the property who was also the plaintiff's employer. 256 A.D.2d 443, 682 N.Y.S.2d 84, 85 (2d Dep't 1998). After plaintiff's action was dismissed on the grounds that workers compensation was plaintiff's exclusive remedy against her employer, the Second Department found attorney defendants' failure to timely include the owner of the property did "not simply involve an error of judgment." *Id.* at 85–86. Plaintiffs' cases demonstrate that failing to timely sue the correct party can be grounds for malpractice, but that is a far cry from an attorney exercising judgment and reasonably choosing to pursue certain defendants and not others.

2. Defendants point out that twenty-five additional class action complaints were filed by twenty-five different law firms in the BFG matter and that none of them included Andersen as a defendant. Defs' Memo at 6.

█ Nor will this Court find that defendants were negligent in failing to advise plaintiffs as to the statute of limitations with respect to a party the defendants were not pursuing. No colorable argument can be made that defendants' failure to so advise was unreasonable under the circumstances of this case. In sum, plaintiffs were adequately notified that Andersen was not being sued, and were given the option of opting out of the class, consulting with their own counsel, and pursuing their own individual actions if they desired. *See* Notice of Pendency at 2–6, 12–17. Plaintiffs were also told that they could refer to the pleadings and other papers filed for a more detailed statement of the action, or could contact defendants with additional questions. *Id.* at 16–17. In short, plaintiffs were amply equipped to make an informed decision as to how they wished to proceed. Plaintiffs chose to remain in the class, and now, having reaped the settlement benefits of that decision, cannot belatedly seek to obtain further damages from defendants which they could and should have sought to timely pursue against Andersen, as others have done. Plaintiffs simply have failed to adequately allege negligence on the part of defendants, and the Court accordingly finds no basis for sustaining this malpractice action.

## CONCLUSION

In light of the foregoing, the Court need not reach defendants' additional arguments on duty, causation, damages, and the statute of limitations. Defendants' motion to dismiss is granted. The Clerk of the Court is hereby directed to close this action.

It is **SO ORDERED**.