■ Phyllis Gomez, Respondent, v 192 East 151st Street Associates, L.P., Appellant, et al., Defendant. (And a Third-Party Action.) [810 NYS2d 51]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered July 13, 2004, which, after a jury trial as to liability, denied defendant's motion to set aside the verdict apportioning 80% liability to defendant and 20% to third-party defendant, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant 192 East 151st Street Associates, L.P. dismissing the complaint.

On December 4, 1996, plaintiff slipped and fell in a bathroom at her workplace located at 192 East 151st Street in the Bronx. Defendant owned the building, and the third-party defendant

City of New York, plaintiff's employer, was its sole tenant. The accident occurred after plaintiff entered through the bathroom door and attempted to pass through a second set of doors leading to the toilets and sinks. Plaintiff testified that she slipped on a "mucky, soft, [and] wet" substance, she fell, and that the material had come from a section of the ceiling above the sinks within the bathroom.

In its lease with the city, defendant agreed to maintain, repair and renovate certain areas, equipment and systems in the building. Defendant also retained the right to enter the premises at certain times, and it hired Mitchell Enterprises, a management company, to oversee and administer the premises.

After a trial on liability, the jury found defendant and the City negligent and apportioned liability at 80% and 20%, respectively. Defendant moved to set aside the verdict pursuant to CPLR 4404 (a). Misconstruing defendant's motion as one to set aside the verdict as contrary to the weight of the evidence, as opposed to one to set aside the judgment as a matter of law, the court denied the motion, finding that the outcome "depends on how the facts are resolved."

We reverse. "[T]here is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see also Nicastro v Park*, 113 AD2d 129, 132 [1985]). Generally, an out-of-possession landlord cannot be held liable for a third party's injuries on the premises unless it had notice of the defect and consented to be responsible for repairs or maintenance (*Velazquez v Tyler Graphics*, 214 AD2d 489, 489 [1995]). Notice can be constructive, when the landlord "reserves a right under the terms of a lease to enter the premises for the purpose of inspection and maintenance or repair and a specific statutory violation exists" (*id.*). However, in that case, "only a significant structural or design defect that is contrary to a specific statutory safety provision will support imposition of liability against the landlord" (*id.*). Here, while the lease required defendant to make certain repairs and improvements to the premises, the record is devoid of evidence that defendant had notice of the leak (*see Figueroa v Goetz*, 5 AD3d 164, 165 [2004]).

Plaintiff testified that on one occasion about a year or two before she slipped and fell, she notified the building superintendent, whom she believed to be the City's employee, of a leak in the bathroom. She did not describe the source of the leak. Thereafter, on occasion, she saw a bucket in the bathroom which was

used to catch water. There is no indication that the building superintendent ever notified the manager of Mitchell Enterprises, who testified that he kept no records of any complaints. But, even assuming that the building superintendent did notify the manager, and that the manager did keep appropriate records, the trial record would still be devoid of evidence from which a factfinder could infer that plaintiff's sole complaint made a year or two earlier about an unspecified leak was somehow connected to the cause of the ceiling collapse. Moreover, even if, as plaintiff also maintains, this were a recurring condition, the lack of evidence connecting the first leak with the ceiling collapse would require the same result (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994] [proof that defendant was aware of a general condition insufficient to establish constructive notice of the particular condition which caused plaintiff to fall]).

Nor does the record support a finding of constructive notice as plaintiff neither alleged nor proved a significant structural or design defect contrary to a specific statutory safety provision (*see McDonald v Riverbay Corp.*, 308 AD2d 345, 346 [2003]). Concur—Marlow, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.