■ 219 East 7th Street Housing Development Fund Corporation, Appellant, v 324 East 8th Street Housing Development Fund Corporation et al., Defendants, and BFC Associates, LLC, et al., Respondents. [836 NYS2d 81]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 22, 2006, which denied plaintiff's motion to vacate an order, same court and Justice, entered on or about November 18, 2005, dismissing the complaint with prejudice pursuant to CPLR 3126, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion deemed to seek renewal of the prior order, such renewal granted, and, upon renewal, the prior order dismissing the complaint vacated and the complaint reinstated. Appeal from the aforesaid order entered on or about November 18, 2005 unanimously dismissed as academic, without costs, in view of the disposition of the appeal from the order entered May 22, 2006.

By order dated September 14, 2005, the IAS court granted defendants-respondents' motions and cross motions for relief against plaintiff under CPLR 3126 to the extent of dismissing the complaint unless plaintiff provided certain discovery by October 31, 2005. After plaintiff failed to comply with that directive, the IAS court issued a further order, entered on or about November 18, 2005, which dismissed the complaint with prejudice and directed entry of judgment accordingly. By order entered May 22, 2006 (the May 2006 order), the IAS court denied plaintiff's subsequent motion to vacate the dismissal order "in light of plaintiff's pending appeal" of the dismissal order. We now reverse the May 2006 order and reinstate complaint.

Although plaintiff denominated the motion denied by the May 2006 order as one to vacate a default, the dismissal order was not rendered on default within the meaning of CPLR 5015 (a) (1), since plaintiff had appeared in opposition to the motions and cross motions to dismiss. Given that plaintiff's motion to vacate was based on evidence that had not previously been submitted to the IAS court, we exercise our discretion, in the interest of justice, to deem that motion to have sought renewal of the dismissal order pursuant to CPLR 2221 (e) (*see Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 376-377 [2001]), and, upon review, we find that the new evidence warranted reinstatement of the complaint. That evidence, including the affirmation of a psychiatrist and the affidavit of a licensed clinical social worker, establishes that plaintiff's former attorney failed to comply with the October 31, 2005 discovery deadline due to panic and anxiety attacks he was suffering as the result

of a diagnosed mental illness, combined with other difficulties in functioning caused by a change in the dosage of his psychiatric medication. Since it is undisputed that plaintiff has now provided all required disclosure, and there has been no showing that reinstatement of the complaint will cause any cognizable prejudice to defendants, we decline to impose on plaintiff the drastic penalty of dismissal of the complaint as a sanction for the nonvolitional failures of its former attorney related to his mental illness (*see Jiminez v St. John's Riverside Hosp.*, 161 AD2d 497 [1990]). Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Sweeny, JJ.