JOANNE KASE, Respondent, v H.E.E. COMPANY et al., Defendants, and BARON T. LTD. et al., Appellants. (And a Third-Party Action.) [944 NYS2d 95]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered August 26, 2011, which, in an action for personal injuries, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 7, 2011, which denied defendants' motion for leave to file a late motion for summary judgment and for summary judgment dismissing the complaint, unanimously modified, on the law, the facts, and in the exercise of discretion, the motion deemed to seek renewal of the prior order, such renewal granted, and,

upon renewal, the motion for summary judgment granted to the extent of dismissing the complaint as against defendant Simpson Realty Corp. (Simpson), and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered January 25, 2012, which denied defendants' motion for reargument, unanimously dismissed, without costs.

Plaintiff was injured when she slipped and fell on a patch of "black ice" on the street abutting the property owned by Simpson and leased to defendant Baron T. Ltd., Carmel Car & Limousine Service, Baron T. Ltd., doing business as Carmel Car & Limousine Service (collectively Baron). Plaintiff alleges that the ice formed when water flowed from the subject property where Baron washed its cars.

Defendants' initial motion for summary judgment was properly denied. The exhibits in support of the motion, consisting of documentary evidence and deposition transcripts, were not before the motion court (see CPLR 2214 [c]), and the attorney's affirmation alone was insufficient to warrant granting the motion (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

Following the denial of their initial motion, defendants promptly moved for leave to make a late motion for summary judgment. Defendants demonstrated "good cause" by submitting the affidavit of a paralegal describing how the motion papers had been prepared, served and personally filed with the clerk, but had not been delivered by the clerk to the motion court (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648, 652 [2004]). Under the circumstances, since the original motion was timely, and defendants were seeking to have that motion heard with evidence not previously submitted to the court through an apparent procedural error of the court system itself, the motion court should have exercised its discretion to deem the motion to be one seeking renewal of the summary judgment motion pursuant to CPLR 2221 (e), and granted renewal (see 219 E. 7th St. Hous. Dev. Fund Corp. v 324 E. 8th St. Hous. Dev. Fund Corp., 40 AD3d 293, 294 [2007]; see also Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 376-377 [2001]).

Moreover, the record shows that dismissal of the action as against defendant Simpson was warranted. Simpson demonstrated that, as an out-of-possession landlord, it was not liable to plaintiff. While it retained a right of reentry in its lease with Baron, plaintiff did not allege that there was a violation of a specific structural safety provision (see Pirraglia v CCC Realty

*NY Corp.*, 35 AD3d 234, 235 [2006]; *Gomez v 192 E. 151st St. Assoc., L.P.*, 26 AD3d 276, 277 [2006]). However, with respect to Baron, the record presents triable issues of fact as to whether car washing took place on the premises and whether Baron was responsible for the water run-off onto the street adjacent to its premises (*see Ford v Mizio*, 274 AD2d 329 [2000]). Concur—Tom, J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ.