■ ANRON HEATING AND AIR CONDITIONING, INC., Plaintiff, v AMCC CORP. et al., Appellants, and FRANCO BELLI PLUMBING AND HEATING AND SONS, INC., Respondent, et al., Defendants. [19 NYS3d 414]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered February 3, 2015, which granted defendants AMCC Corp., Liberty Mutual Insurance Company and Charles Marino's (together, AMCC), motion for renewal and, upon

renewal, adhered to its prior order, entered November 26, 2013, striking the reply to cross claims of AMCC and granting a default judgment against AMCC in favor of defendant Franco Belli Plumbing and Heating and Sons, Inc. (Franco Belli), unanimously affirmed, without costs. Appeal from the prior order, unanimously dismissed, without costs, as academic.

The IAS Court's entry of default judgment against AMCC and the striking of its responsive pleading was not a clear abuse of discretion (*Fish & Richardson, P.C. v Schindler*, 75 AD3d 219, 220 [1st Dept 2010]). It is uncontested that AMCC violated three discovery orders over the course of more than a year, one of which was conditional and explicitly warned that failure to comply could lead to sanctions, including having its pleadings stricken. This Court has affirmed striking a party's pleading on the basis that the party's noncompliance was "willful, contumacious or due to bad faith" in similar situations (*Loeb v Assara N.Y. I L.P.*, 118 AD3d 457, 457 [1st Dept 2014]). We agree with the IAS Court that AMCC has not provided a sufficient basis to support its purported excuse of its lawyer's mental illness as a justification for noncompliance (*compare 219 E. 7th St. Hous. Dev. Fund Corp. v 324 E. 8th St. Hous. Dev. Fund Corp.*, 40 AD3d 293, 294-295 [1st Dept 2007]).

We have considered AMCC's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Mazzarelli and Manzanet-Daniels, JJ. **[Prior Case History: 2015 NY Slip Op 30215(U).]**