Osario v NYSandy4 NBP19 LLC (2023 NY Slip Op 05322)

Osario v NYSandy4 NBP19 LLC

2023 NY Slip Op 05322

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 34317/19E Appeal No. 835 Case No. 2022-03641 

[*1]Carolyn Osario, Plaintiff-Appellant,
v
NYSandy4 NBP19 LLC, et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Pillinger Miller Tarallo, LLP, Elmsford (Mitchell S. Cohen of counsel), for respondents.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about June 29, 2022, which denied plaintiff's motion for summary judgment on liability, unanimously affirmed, without costs.
Plaintiff established prima facie her entitlement to summary judgment by submitting evidence showing that defendants' building superintendent had actual and constructive notice of the hazardous ceiling condition that caused a part of plaintiff's ceiling to collapse and fall on her (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]). Plaintiff's deposition testimony and affidavit established that she had complained of a recurring leaky bathroom ceiling for years, and that defendants made intermittent repairs to the ceiling.
In opposition, defendants raised a triable issue of fact sufficient to defeat summary judgment. Although the deposition testimony of the building superintendent and her husband that they did not recall receiving any complaints from plaintiff were insufficient to raise an issue of fact as to their notice of the condition (see Fay v New York City Tr. Auth., 149 AD3d 593, 594 [1st Dept 2017]), particularly where they had retained a plumber to investigate plaintiff's complaints five days before the accident, defendants pointed to evidence that raised a factual issue as to whether defendants took reasonable steps in investigating the condition and whether they could have discovered the source of the water leak sooner (see Bentley v All-Star, Inc., 179 AD3d 618, 619 [1st Dept 2020], lv denied 35 NY3d 971 [2020]). An invoice from the plumber shows that the plumber did not find any bathroom leaks in the apartment units above plaintiff's unit during its inspection five days before the accident. However, a subsequent invoice showed that, shortly after the accident, the plumber discovered a water leak in one of the upper units after removing the unit's walls. This evidence also raised an issue of fact as to whether the cause of the leak at issue was the same as the cause of the prior leaks of which plaintiff complained (see Gomez v 192 E. 151st St. Assoc., L.P., 26 AD3d 276, 277-278 [1st Dept 2006]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023