■ Francisco Figueroa et al., Respondents, v Debra Goetz et al., Respondents, and Roberta R. Goodman, Appellant, et al., Defendant. [770 NYS2d 309]—

Order, Supreme Court, New York County (Richard Braun, J.), entered June 11, 2003, which, insofar as appealed from, denied defendant Roberta Roth Goodman's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant Goodman dismissing the complaint as against her.

Plaintiff, a building superintendent at a cooperative apartment building located at 252 West 85th Street in Manhattan, was injured when a 36-inch by 36-inch piece of plaster/sheetrock ceiling fell on him as he bent over in the waiting room of a

professional apartment, number 1B, to pick up a bucket filled with water that had earlier been placed, empty, under a leak in the ceiling. Notwithstanding the denials of the defendants Goetz, the owners of apartment 2B directly above, that they had left the cold water handle to their bathtub in an open position, as testified to by plaintiff, it is undisputed that the water leaking through the waiting room ceiling came from apartment 2B, the bathroom of which was only five feet away laterally from apartment 1B's waiting room. Plaintiff testified that before he returned to apartment 1B to remove the bucket, he had found water running from an overflowing bathtub in apartment 2B and observed the entire apartment covered with an inch of water. On these facts, defendant Goodman, the owner of apartment 1B, which she had occupied for the past 12 years before the accident, moved for summary judgment, arguing that she had no prior notice of ceiling cracks or, indeed, of any water stains in the subject ceiling and that the cause of the sudden unexpected collapse of her ceiling was due to the cascading water emanating from apartment 2B. Supreme Court denied defendant Goodman's motion, finding that given Goodman's acknowledgment of a prior leak in the same ceiling some years before, which had been repaired, she believed, by the building owner's contractors, she had failed to prove that she lacked notice of any ceiling defect and that neither she nor the workers she had hired to repair the ceiling after the previous leak did not contribute to the ceiling collapse. In so ruling, Supreme Court completely skewed the burden of proof applicable to summary judgment (*see Strowman v Great Atl. & Pac. Tea Co.*, 252 AD2d 384 [1998]). Accordingly, we reverse and dismiss the complaint against defendant Goodman.

In the case of a ceiling collapse, it is the plaintiff's burden to show actual or constructive notice of a defect prior to the collapse; otherwise, the complaint must be dismissed (*Pulley v McNeal*, 240 AD2d 913 [1997]). If the claim is that the ceiling collapsed because of a leak, the plaintiff must show that the defendant had prior notice, actual or constructive, of the leak and that the leak was never repaired (*see Govan v Ft. Sheri Realty Co.*, 267 AD2d 99 [1999]). Neither has been shown here. Goodman testified that she had no prior notice of any damage to or defect in the ceiling. Even plaintiff's testimony confirms that there were no prior leaks in Goodman's apartment. Any testimony by plaintiff as to a discoloration on the ceiling related to the condition of the ceiling on the day of the accident after the leak from apartment 2B had occurred. Nor is there any basis in the record whatever, other than speculation contained in the affirmation of plaintiff's counsel, for Supreme Court's

finding that the repair of the previous leak may have contributed to the ceiling collapse.

Although the Goetz defendants did not appeal from the denial of their separate motion for summary judgment, they request that, on a search of the record (*see* CPLR 3212 [b]), we, nostra sponte, grant their motion. Their motion was properly denied. Concur—Tom, J.P., Saxe, Sullivan, Lerner and Friedman, JJ.