■ CANDICE BROWN, Appellant, v DAVID HOWSON et al., Respondents. [12 NYS3d 54]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered October 25, 2013, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established prima facie that they had no notice of the alleged defective ceiling in the apartment in which plaintiff resided, by submitting building owner defendant David Howson's testimony that he was never informed about cracks or any other defect in the ceiling and plaintiff's testimony that she never informed building management or Howson of any such cracks (*see Figueroa v Goetz*, 5 AD3d 164 [1st Dept 2004]). In opposition, plaintiff failed to raise an issue of fact. Her testimony that actual notice was given to defendants was conclusory. Her argument, largely unpreserved for review, that violations issued by the Department of Housing and Preservation (HPD) based on unrepaired conditions consti-

tuted constructive notice is belied by HPD documents showing that, contrary to plaintiff's contention, HPD's reference to an apartment with ceiling problems on the third floor was not a mistaken reference to plaintiff's second-floor apartment.

The motion court erred in declining to consider the affidavits by plaintiff's domestic partner and a neighbor saying they had given defendants notice of the alleged ceiling cracks on the ground that these witnesses were not disclosed before discovery was complete, since plaintiff had made known their names and addresses at her deposition (*see Santana v 3410 Kingsbridge LLC*, 110 AD3d 435 [1st Dept 2013]). However, the court correctly found that in any event the affidavits were insufficiently specific and the alleged notice too far in the past to raise an issue of fact (*see Clark v New York City Hous. Auth.*, 7 AD3d 440 [1st Dept 2004]).

The doctrine of res ipsa loquitur is inapplicable to this case, since defendants did not have exclusive control over the ceiling during the tenancy of plaintiff's domestic partner, the tenant of record (*see Pintor v 122 Water Realty, LLC*, 90 AD3d 449, 451 [1st Dept 2011]). Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.