■ MARIA CORREA, Respondent, v ELBA MATSIAS, Appellant.
[61 NYS3d 131]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered July 25, 2016, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when a

portion of her bedroom ceiling fell on her head as she was sleeping. The plaintiff commenced this action against the defendant landlord to recover damages for her injuries, asserting a single cause of action premised on theories of negligent failure to maintain the premises in a reasonably safe condition, and the doctrine of res ipsa loquitur. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint, determining that the defendant had failed to meet her prima facie burden of demonstrating that she had no notice of the alleged hazardous condition, and that the defendant had failed to address the plaintiff's theory of liability based upon the doctrine of res ipsa loquitur.

Contrary to the determination of the Supreme Court, on her motion, the defendant did address the plaintiff's theory of liability based upon the doctrine of res ipsa loquitur. The doctrine of res ipsa loquitur is a rule of evidence that permits an inference of negligence to be drawn solely from the happening of an accident where the plaintiff can show that: (1) the event is of the kind that ordinarily does not occur in the absence of someone's negligence; (2) the instrumentality that caused the injury is within the defendant's exclusive control; and (3) the injury is not the result of any voluntary action by the plaintiff (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]; *Giantomaso v T. Weiss Realty Corp.*, 142 AD3d 950, 951 [2016]). Here, the defendant established, prima facie, that the doctrine of res ipsa loquitur is inapplicable by submitting evidence demonstrating that the plaintiff had been residing at her apartment for more than one year at the time of the incident, and thus, that the defendant did not have the requisite exclusive control over the allegedly defective condition (*see Ciaravino v Bulldog Natl. Logistics, LLC*, 146 AD3d 925, 927 [2017]; *Brown v Howson*, 129 AD3d 570 [2015]; *cf. Dittiger v Isal Realty Corp.*, 290 NY 492, 496 [1943]). In opposition, the plaintiff failed to raise an issue of fact as to the applicability of the doctrine. Accordingly, the doctrine of res ipsa loquitur will be unavailable to the plaintiff at trial.

However, the Supreme Court properly determined that the defendant failed to establish, prima facie, that she maintained the premises in a reasonably safe condition. In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that she or he neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (*see Bender v Cemetery of the Holy Rood*, 129 AD3d

754, 755 [2015]; *Kruger v Donzelli Realty Corp.*, 111 AD3d 897, 898 [2013]).

Here, in support of her motion, the defendant submitted, inter alia, the deposition testimony of the plaintiff, who testified that she had previously complained to the building superintendent, Jose Martinez, that the ceiling was damaged and water-stained, and that she feared it might fall on her. The plaintiff also testified that the defendant had advised her to inform Martinez of any complaints about her apartment. Under the circumstances, the defendant failed to establish, prima facie, that she had no notice of the alleged hazardous condition (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Contrary to the defendant's contention, Martinez's deposition testimony that he had not received any prior complaints about the subject area of the ceiling merely raised an issue of credibility which cannot be determined on a motion for summary judgment (*see Best v 1482 Montgomery Estates, LLC*, 114 AD3d 555, 556 [2014]; *Giraldo v Twins Ambulette Serv., Inc.*, 96 AD3d 903, 904 [2012]). Furthermore, the defendant's present contention that Martinez was merely a tenant in the building who did not have the authority to receive and address complaints from tenants is improperly raised for the first time on appeal (*see Vargas v Crown Container Co., Inc.*, 114 AD3d 762 [2014]).

Since the defendant failed to demonstrate her prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied her motion for summary judgment without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.