Bentley v All-Star, Inc. (2020 NY Slip Op 00673)





Bentley v All-Star, Inc.


2020 NY Slip Op 00673


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10916 155323/14

[*1] Deborah J. Bentley, Plaintiff-Respondent,
v
All-Star, Inc., Defendant, Madison Avenue Realties, LLC, et al., Defendants-Respondents-Appellants, 314 5th Enterprises, Inc., doing business as Turntable Chicken Jazz, et al., Defendants-Appellants-Respondents.


Law Offices of Michael E. Pressman, New York (Stuart B. Cholewa of counsel), for appellants-respondents.
Molod Spitz & DeSantis, P.C., New York (Marcy Sonneborn of counsel), for Madison Ave Realties, LLC and 314 Fifth Avenue, Inc., respondents-appellants.
Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for Treatsa Pizza Corp., respondent-appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Deborah J. Bentley, respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered January 17, 2019, which denied defendants' respective motions for summary judgment dismissing the complaint and cross claims, unanimously affirmed, without costs.
Plaintiff alleges she sustained injuries when the ceiling in defendant Treatsa Pizza's pizzeria collapsed on her. Defendants Madison Avenue Realties, LLC and 314 Fifth Avenue, Inc. are owners of the building, and defendant 314 5th Enterprises (Turntable) operated a restaurant on the second floor, above the pizzeria.
The court properly determined that issues of fact exist as to the liability of each of the defendants. The building owners and Treatsa contend that they had no notice of the defective condition of the plaster ceiling above the dropped ceiling in the pizzeria, because it was a latent condition that would not have been discovered even if inspected (see Figueroa v Goetz, 5 AD3d 164, 165 [1st Dept 2004]). "Where, as here, an object capable of deteriorating is concealed from view, a property owner's duty of reasonable care entails periodic inspection of the area of potential defect . . . . If no such program of inspection is in place, constructive notice of the defect is imputed" (Hayes v Riverbend Hous. Co., Inc., 40 AD3d 500, 501 [1st Dept 2007], lv denied 9 NY3d 809 [2007] [internal quotation marks and citations omitted]). However, where evidence shows that such an inspection would not have disclosed the defect, "even if there was a breach of the duty to inspect, it was not causally related to the accident" (id.).
While all three experts agree that the primary cause of the accident was a deterioration of the plaster due to age and exposure to changing moisture and humidity levels, issues of fact exist as to whether a reasonable inspection by defendant building owners and/or Treatsa would have revealed a defect in the plaster ceiling (see Stubbs v 350 E. Fordham Rd., LLC, 117 AD3d 642, 644 [1st Dept 2014]; Perez v 2305 Univ. Ave., LLC, 78 AD3d 462, 463 [1st Dept 2010]). Even [*2]though Treatsa further asserts that it was not obligated to inspect, it failed to offer any factual or legal support for its contention that it had no responsibility for the plaster ceiling under the terms of its tenancy.
As to Turntable, issues of fact exist as to whether recurring leaks emanating from various locations in its premises caused or contributed to the plaster falling, given that its own expert acknowledged that the exposed wooden lath from which the plaster fell displayed water damage, as well as the evidence of a history of leaks from the premises and that some witnesses observed water in the area of the collapsed ceiling.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK