Dunn v 6-8 St. Nicholas Realty Corp. (2022 NY Slip Op 02359)

Dunn v 6-8 St. Nicholas Realty Corp.

2022 NY Slip Op 02359

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Gesmer, Oing, JJ. 

Index No. 24007/16E Appeal No. 15707 Case No. 2021-01340 

[*1]Tyrone Dunn, Plaintiff-Appellant,
v
6-8 St. Nicholas Realty Corp., et al., Defendants-Respondents, Praxis Housing Initiatives, Inc., Defendant.

Burns & Harris, New York (Nic Gerschman of counsel), for appellant.
Bennett Bricklin & Saltzberg, LLC, New York (Joseph DeDonato of counsel), for respondents.

Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered April 9, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on liability against defendant Dawn Hotel of NY, LLC (the hotel), unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established his prima facie entitlement to summary judgment by submitting evidence that the hotel had actual notice of the defect that caused his injury and that the defect was not repaired (see Singh v United Cerebral Palsy of N.Y. City, Inc., 72 AD3d 272, 275 [1st Dept 2010]). According to the testimonial and photographic evidence, the ceiling of plaintiff's room in the hotel (which operated as a homeless shelter) had a leak, which was present for more than six months before the ceiling collapsed. Plaintiff also testified that he made numerous complaints about the leak to multiple hotel employees but the leak was never properly remedied (see Figueroa v Goetz, 5 AD3d 164, 165 [1st Dept 2004]; see also Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d 664, 665 [2d Dept 2016]).
In opposition to plaintiff's motion, the hotel failed to raise an issue of fact. The hotel asserted that the first leak plaintiff complained about had been remedied and that the collapse was related to a different leak in the same location; however, this assertion was based solely upon an unsupported statement allegedly made by a building superintendent to plaintiff's case manager. Although plaintiff testified that he complained to multiple hotel employees when the leak continued unabated, the hotel did not produce testimony or affidavits by any of those employees. Further, while the hotel kept maintenance and repair records, it never produced them, and the hotel's witness did not know where those records were kept.
In light of our determination, we need not consider the parties' remaining contentions. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022