Salinas v Dorrian's Rest. Bar (2022 NY Slip Op 02966)

Salinas v Dorrian's Rest. Bar

2022 NY Slip Op 02966

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Index No. 152968/13 Appeal No. 15850 Case No. 2021-01051 

[*1]Jacqueline Salinas, Plaintiff-Appellant,
v
Dorrian's Restaurant Bar, et al., Defendants-Respondents.

The Law Office of Thomas Torto, New York (Jason Levine of counsel), for appellant.
Shafer Partners, LLP, New York (Ondre H. Cargill of counsel), for Dorrian's Restaurant Bar, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for Eight Tots Realty Corp., respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about March 9, 2021, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.
Plaintiff, a customer at a restaurant operated by defendant Dorrian's Restaurant Bar, was allegedly injured when a plywood panel came loose from a wall inside the restaurant and struck her on the head. 
The court providently exercised its discretion in considering plaintiff's motion on the merits despite its tardiness. Plaintiff demonstrated good cause based on the death of the managing partner of the law firm was representing her, as that partner was one of the attorneys handling her case (see Freire-Crespo v 345 Park Ave L.P., 122 AD3d 501, 502 [1st Dept 2014]).
Nevertheless, plaintiff failed to sustain her initial burden of demonstrating as a matter of law that defendants' negligence in securing the panel was a proximate cause of her injuries, as the record contains no testimony or photographs establishing how the panel was affixed to the wall (see McNally v Sabban, 32 AD3d 340, 341 [1st Dept 2006]). Although plaintiff's expert opined that the panel detached because it was improperly secured with a wood screw, his opinion was speculative, since none of the photographs taken on the night of the accident shed light on how the wood panel was secured, nor do they show holes in the wall or in the panel where a screw would have been placed. Indeed, the expert based his opinion on the mere presence in the photograph of a wood screw, which he stated was "evidently" used to secure the panel to the building structure.
Moreover, plaintiff failed to establish that defendants were aware that the panel was loose and could detach from the wall. Nor did plaintiff establish that a reasonable inspection would have revealed a potentially dangerous condition (see Bentley v All-Star, Inc., 179 AD3d 618 [1st Dept 2020]; Hayes v Riverbend Hous. Co., Inc., 40 AD3d 500 [1st Dept 2007], lv denied 9 NY3d 809 [2007]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022