Garcia v Soho AOA Owner, LLC (2025 NY Slip Op 00289)

Garcia v Soho AOA Owner, LLC

2025 NY Slip Op 00289

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Index No. 161262/17, 595443/18 Appeal No. 3539 Case No. 2024-00044 

[*1]Marilyn S. Garcia, as Executrix of the Estate of John C. Clemente, Deceased, Plaintiff-Respondent,
v
Soho AOA Owner, LLC, et al., Defendants-Appellants-Respondents, Linear Contracting, Inc., et al., Defendants.

Soho AOA Owner, LLC, et al., Third-Party Plaintiffs-Appellants-Respondents,
v
Construction Realty Safety Group, Inc., Third-Party Defendant-Respondent-Appellant.

Farber Brocks & Zane L.L.P., Garden City (Lester Chanin of counsel), for appellants-respondents.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Russell J. McBrearty of counsel), for respondent-appellant.
Militello Law Group, P.C., Hauppauge (Joseph P. Militello of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered December 21, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Soho AOA Owner, LLC , Plaza Construction LLC, Mel Management Corp. d/b/a Stellar Management, Libbey Management Services Corp., OSS 2016 LLC, and 2016 Soho LLC (collectively, Soho Defendants) for summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims as against them, denied Soho AOA and Plaza's motion for summary judgment on their claim for conditional contractual indemnification against Construction Realty Safety Group, Inc. (CRSG), and denied CRSG's motion for summary judgment dismissing Soho AOA and Plaza's claim for contractual indemnification, unanimously modified, on the law, to grant Soho AOA and Plaza's motion for conditional contractual indemnification as against CRSG, and otherwise affirmed, without costs.
Plaintiff's decedent was a site safety manager employed by third-party defendant CRSG at a construction project overseen by Plaza as construction manager on property owned by Soho AOA. Plaintiff's decedent was struck and injured by a metal sign that measured 4' x 5' and 1/4 -inch thick, which fell from a side wall of an overhead sidewalk shed erected on the premises. The sign was fastened by screws to the shed's parapet wall approximately three years prior to the accident. Plaintiff's decedent noted that there were six screws attached to the sign at the time it fell, and other evidence indicated the sign had eight holes for screws to be inserted. There was also evidence that the parapet wall to which the sign was affixed would regularly be removed to allow delivery of materials into the upper level of the building.
Several witnesses, including plaintiff's decedent, testified at deposition that the sign had never previously fallen, that no complaints were registered as to its condition, and that nothing appeared to be amiss with the sign prior to the accident, based on visual observation alone. Witnesses did not note any defects in the parapet wall following the accident. The Soho Defendants and CRSG claimed they had no notice of the latent, unsecure condition of the sign. However, no evidence was offered as to any inspections conducted of the sign and the parapet wall to which it was affixed for several years prior to rhe accident.
Where, as here, an object on the premises is capable of deteriorating, or the hazard it presents is concealed from view, the property owner, as well as a general contractor under Labor Law § 200, must demonstrate that reasonable inspections of the object were conducted in order to establish prima facie that they lacked notice of the dangerous condition (see Doherty v 730 Fifth Upper, LLC, 227 AD3d 606, 607-608 [1st Dept 2024]; Swallows v W N.Y.-Times Sq., 230 AD3d 1078, 1079 [1st Dept 2024]; see also Hayes v Riverbend Hous. Co., Inc., 40 AD3d 500, 501 [1st Dept 2007], lv denied 9 NY3d 809 [2007[*2]]). Absent proof of prior inspections conducted of the sign, the Soho Defendants' burden on their motion never shifted to plaintiff, regardless of the sufficiency of the papers offered in opposition (see Swallows, 230 AD3d at 1079). Even if the Soho Defendants had made out a prima facie case, on this record there are factual issues as to whether a reasonable inspection by the building owner or property manager would have detected the latent hazardous condition of the sign before it fell on plaintiff's decedent (see Bentley v All-Star, Inc., 179 AD3d 618, 618-619 [1st Dept 2020]).
Defendants Soho AOA and Plaza established their entitlement to summary judgment on their claim for conditional contractual indemnification from CRSG, the site safety contractor. CRSG agreed to indemnify Soho AOA and Plaza for losses arising out of or resulting from performance of CRSG's work to the extent the loss was caused in whole or in part by the conduct, acts or omissions of, or breach of contract by, CRSG or anyone directly or indirectly employed by it. The evidence raised factual issues as to whether CRSG had a basis to know, via its regular walkthrough responsibilities, whether the sign was adequately secured to the parapet wall, and whether it had satisfied its obligations to timely report any safety issues to the owner or construction manager (see Agard v Port Auth. of N.Y. & N.J., 227 AD3d 404, 405 [1st Dept 2024]). Soho AOA and Plaza are entitled to conditional summary judgment, notwithstanding that a factual issue exists as to their negligence (see Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 510-511 [1st Dept 2020]; Rainer v Gray-Line Dev. Co., LLC, 117 AD3d 634, 636 [1st Dept 2014]).
As there are factual issues as to whether CRSG properly performed its obligations under its site safety subcontract, it is not entitled to dismissal of the third-party claim for contractual indemnification (see XX v Dunwell El. Elec. Indus., Inc., 188 AD3d 443, 446-447 [1st Dept 2020]).
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025