Duley v S&N Rugova Props. LLC (2025 NY Slip Op 01714)

Duley v S&N Rugova Props. LLC

2025 NY Slip Op 01714

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Index No. 35012/19|Appeal No. 3939|Case No. 2024-00097|

[*1]Keith Duley, Plaintiff-Respondent,
v
S&N Rugova Properties LLC, Defendant-Appellant. 

Litchfield Cavo LLP, New York (Beth A. Saydak of counsel), for appellant.
Rosenbaum & Rosenbaum, P.C., New York (Edwin S. Kim of counsel), for respondent.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered December 5, 2023, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that in October 2019, he was struck by a piece of ceiling that fell in his bathroom, after he had repeatedly complained to defendant landlord about mold and conditions in his bathroom that indicated there was a leak. There is no dispute that defendant's super repainted and replastered the ceiling three times before the alleged accident, in 2015, 2018, and September 2019.
The court correctly denied defendant's motion for summary judgment. In support of its motion, defendant submitted evidence that it did not have actual or constructive knowledge of a leaky condition in plaintiff's bathroom ceiling, by showing that within weeks before the ceiling allegedly collapsed, defendant's super repainted the bathroom ceiling and did not see any sign of leaks (see Figueroa v Goetz, 5 AD3d 164, 165 [1st Dept 2004]). However, in opposition, plaintiff submitted an affidavit that amplified his deposition testimony, averring that he complained to defendant's super again after the last repair and told him that repainting the ceiling was insufficient to address the underlying leak problem. While defendant contends that plaintiff's claim that he complained again after the last repair is uncorroborated, his affidavit is not incredible as a matter of law, and the different versions of the facts submitted by the parties raises "credibility questions for a jury to resolve" (Best v 1482 Montgomery Estates, LLC, 114 AD3d 555, 556 [1st Dept 2014]).
Defendant also failed to establish that the doctrine of res ipsa loquitur does not apply in this case. A ceiling collapse does not ordinarily occur in the absence of negligence, and defendant has not established that plaintiff's own intentional action caused the ceiling to fall or that any voluntary action by plaintiff contributed to the collapse (see Wenzel v All City Remodeling, Inc., 195 AD3d 496, 497 [1st Dept 2021]; Lisbey v Pel Park Realty, 99 AD3d 637, 638 [1st Dept 2012]). Thus, issues of fact exist as to the applicability of the doctrine in this case.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025