Bailey v 2732 Bainbridge Assoc., LLC (2025 NY Slip Op 06247)

Bailey v 2732 Bainbridge Assoc., LLC

2025 NY Slip Op 06247

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 810231/22|Appeal No. 5157|Case No. 2024-04711|

[*1]Taffany C. Bailey, Plaintiff-Appellant,
v
2732 Bainbridge Associates, LLC, Defendant-Respondent.

Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for appellant.
Horn Appellate Group, Brooklyn (Ross S. Friscia of counsel), respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about July 16, 2024, which denied plaintiff's motion for summary judgment on the issue of liability and dismissed defendant's affirmative defense of comparative negligence, unanimously affirmed, without costs.
Although plaintiff need not demonstrate the absence of her own comparative fault to be entitled to summary judgment on the issue of defendant's liability (Rodriguez v City of New York, 31 NY3d 312, 315 [2018]), she nevertheless failed to establish prima facie that defendant had actual or constructive notice of the dangerous condition causing her accident (see Figueroa v Goetz, 5 AD3d 164, 165 [1st Dept 2004]; Brown v Howson, 129 AD3d 570, 570 [1st Dept 2015]). Plaintiff fell after slipping on debris and water that accumulated on the floor of her bathroom due to a leak and ceiling collapse. Plaintiff failed to submit evidence that she put defendant on notice of the leak or a hole in the ceiling in the time between its first appearance and her accident, which occurred one month thereafter. Plaintiff testified that the hole in her ceiling that collapsed had been there "probably a month" prior to the accident, but she did not testify as to whether she alerted defendant of the existence of the hole or if she requested it be repaired prior to any debris falling.
As to the issue of constructive notice, plaintiff testified to complaining to three separate superintendents over the course of 19 years about leaks that would be fixed and recur. However, she did not testify as to dates beyond recalling one leak occurred in 2008 and one leak caused the hole in her ceiling in March 2022. Without more detail as to when complaints were made, whether the leaks had the same source or occurred in the same location, and whether the same leaks recurred after repair, plaintiff's testimony is too conclusory to establish constructive notice.
Plaintiff is not entitled to summary judgment based on the doctrine of res ipsa loquitur because the parties' testimony creates issues of fact as to whether plaintiff contributed to the accident (see generally Valdez v Upper Creston, LLC, 201 AD3d 560, 561 [1st Dept 2022]; see Ezzard v One E. River Place Realty Co., LLC, 129 AD3d 159, 162, 164 [1st Dept 2015]). Plaintiff was aware of the growing hole in her ceiling, and had observed a leak about one month prior to the accident. Accordingly, there are issues of fact as to whether she exercised caution in entering the bathroom on the morning of the accident, particularly in light of her testimony that she did not look at the floor (see Ezzard, 129 AD3d at 164-165).
Plaintiff also failed to establish entitlement to summary dismissal of defendant's affirmative defense of comparative negligence, as her submissions failed to eliminate triable issues as to whether she contributed to the happening of the accident (see Yanky v 2839 Bainbridge Ave. Assoc. LLC, 234 AD3d 583, 584 [1st Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025